<3h. J. Barry
delivered, the opinion of the Court.
THE complainants claim the land in controversy against the defendants; who hold under an elder grant, under the following entry:
“February 3d, 1783 — John Larue enters 5,000 acres, to include the first vacant land fit for cultivation, on E-erducky river, below the mouth of Drennon’s Lick creek, to run down the meanders of the r.iver, and with the hills, so far from the river as they are fit for cultivation.”
This entry is set forth in the bill with the usual allegations of its specialty and legality. The defendants demurred, and questioned at once the validity of the entry. The circuit court sustained the demurrer, and dismissed the bill; to reverse which, this appeal is progeculed.
„T, . , ... . ,, , Whether this entry ¡s a valid one, is the only ques-lion tobe decided.
The caU to include the first vacant land fitforculfi-vation, cannot be considered as sufficiently special and precise, to enable a subsequent locator to appropriate a^Jacen^ Mnd. Before he could do this with safety, R wouffi be necessary to ascertain what prior claims existed. This would be unreasonable, more especially as the entry of Larue is entirely silent as to those, cla*ms> furnishing no dew for their discovery. To get this information, so essential, other sources must be resorted to. - Such an entry cannot be regarded as a safe Su^e *° subsequent locator, because it fails in giving him that ful] and precise notice required by law,
White, Roberts, &c. for plaintiff: Bibb, for defendant.
The other calls, to lay below the mouth of Drennon’s Lick creek, and to run down the meanders of the river and with the hills, so far from the river as they are fit for cultivation, are too vague and uncertain to enable us to sustain the entry by any known rule of construction.
Decree affirmed with costs, &c.